IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

| | |
|---|---|
| RODERICK V. BURTON, | ) ) ) |
| Plaintiff, | ) ) No. 25-cv-1598 |
| v. | ) ) Filed: November 20, 2025 |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Roderick V. Burton, proceeding *pro se*, alleges that various federal officials have committed wrongs against him, including breach of fiduciary duty, fraud, breach of contract, copyright infringement, and continuing harassment. These alleged wrongs appear to arise out of Plaintiff's federal criminal conviction for bank robbery in the U.S. District Court for the Northern District of Illinois. Plaintiff's Updated Application to Proceed *In Forma Pauperis* ("Updated IFP Application") is currently pending before the Court. For the reasons explained below, the Court **GRANTS** Plaintiff's Updated IFP Application and **DISMISSES** Plaintiff's Complaint.

### I. BACKGROUND

On September 25, 2025, Plaintiff filed a complaint in this Court naming the United States and five individuals as Defendants, including U.S. District Judge Sharon J. Coleman, two federal prosecutors, and two federal probation officers. *See* Pl.'s Compl. at 1, ECF No. 1. Plaintiff characterizes the individual defendants as "Trustees of the Conditional Acceptance (CA) contract." *Id.* He alleges that they breached that contract and their fiduciary duty "by failing to settle the account, release bonds, and terminate probation." *Id.* at 3. These allegations appear to stem from a criminal case brought against Plaintiff in the Northern District of Illinois, over which Judge

Coleman presided. In that case, Plaintiff was convicted of five counts of bank robbery by force or violence. *See United States v. Burton*, No. 15-cr-00312 (N.D. Ill. May 28, 2015).

In his Complaint in this Court, Plaintiff states that he filed a "Conditional Acceptance" in that criminal case, as well as an "Affidavit of Notice of Default and Affidavit of Certificate of Non-Response." ECF No. 1 at 2; *see also* ECF No. 1-4 at 3, 43, 60, 64. The case proceeded to trial, and according to Plaintiff, Judge Coleman "fraudulently" shifted from "law" to "statutory law" in explaining the court's jurisdiction over the case during a hearing. ECF No. 1 at 2. Plaintiff also claims that Judge Coleman was "fraudulent" when she identified banks as the injured party in that case because "banks are corporations and cannot be injured parties under common law." *Id.* He then claims that the Assistant U.S. Attorneys named as Defendants "acquiesced by silence" to Plaintiff's "Conditional Acceptance and Affidavits of Fact." *Id.* Further, Plaintiff alleges harassment and fraud by the two probation officers named as Defendants because they did not terminate Plaintiff's probation. *See id.* Finally, Plaintiff alleges copyright infringement in violation of his "Common Law Copyright," which purports to protect his name. *Id.* at 3; *see also* ECF No. 1-4 at 14.

Plaintiff's requested relief includes: (1) damages of $10,550,000 per Defendant and "continuing accruals as agreed;" (2) "[i]mmediate closure and settlement of Case No. 15-cr-00312;" (3) "[r]elease of all associated bonds to Plaintiff;" (4) "[r]eporting of taxes to IRS via Form 1099-OID;" (5) "[t]ermination of probation and cease-and-desist against U.S. Probation Department;" (6) "[c]onfirmation of Plaintiff's authority to enforce payment via UCC filings, liens, and Treasury reporting;" and (7) "[s]uch further relief as this Court deems just and proper." ECF No. 1 at 3.

On the same date that he filed the Complaint, Plaintiff also filed an IFP Application. *See* ECF No. 2. On October 1, 2025, the Court entered an Order staying the case and denying without prejudice Plaintiff's first IFP Application due to incompleteness. *See* Order, ECF No. 5. The Court ordered Plaintiff to either pay the $405 filing fee or submit a revised IFP Application by October 15, 2025. *Id.* On October 20, 2025, the Court again ordered Plaintiff to either pay the $405 filing fee or submit a revised IFP Application, this time setting a deadline of November 3, 2025.[1] *See* Order, ECF No. 6. Consistent with that Order, on October 23, 2025, Plaintiff filed an Updated IFP Application. ECF No. 7.

## II.   LEGAL STANDARDS

### A.   IFP Applications

A court may waive the filing fees and allow a plaintiff to proceed IFP if he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Whether to allow a plaintiff to proceed IFP is left to the discretion of the court, based on information submitted by the plaintiff. *Thompson v. United States*, 99 Fed. Cl. 21, 24 (2011). Being "unable to pay such fees," as contemplated by § 1915(a)(1), "means that paying [the filing] fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007) (recognizing that the burden of demonstrating an inability to pay is not a heavy one).

### B.   Dismissal Under 28 U.S.C. § 1915 for Failure to State a Claim or Frivolousness

A court "shall dismiss" the case of a plaintiff proceeding IFP "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious" or "fails to state a claim on

---

[1] The Court effectively extended Plaintiff's deadline because it could not confirm that the copy of the Court's October 1 Order served on Plaintiff via U.S. mail was delivered by October 15, 2025.

3

which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see, e.g.*, *Taylor v. United States*, No. 25-932, 2025 WL 1589283, at *2 (Fed. Cl. June 5, 2025) (dismissing plaintiff's case as frivolous and for failing to state a claim); *Alvar v. United States*, No. 25-1131, 2025 WL 1951847, at *2 n.4 (Fed. Cl. July 16, 2025) ("[t]he frivolity of [p]laintiff's baseless claim . . . could also provide a separate ground for dismissal"). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Pupols v. U.S. Pat. & Trademark Off.*, 413 F. App'x 232, 234 (Fed. Cir. 2011) (citing *Ashcroft*, 556 U.S. at 677–78).

### C.   Tucker Act Jurisdiction

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "The Tucker Act, however, does not create 'substantive rights[,]'" nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation." *Me. Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020) (quoting *United States v. Navajo Nations*, 556 U.S. 287, 290 (2009) and then quoting *United States v. Mitchell*, 463 U.S. 206, 216 (1983)). Instead, to invoke jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of

4

substantive law that creates the right to money damages" from the United States. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). "[T]he court must address jurisdictional issues, even *sua sponte*, . . . whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); Rule 12(h)(3), Rules of the United States Court of Federal Claims ("RCFC").

Although filings by *pro se* litigants are liberally construed, they maintain the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). "[T]he leniency afforded to *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements." *Id.*

### III.  DISCUSSION

**A.  Plaintiff's Updated IFP Application is Granted.**

Plaintiff's Updated IFP Application meets the requirements of 28 U.S.C. § 1915(a)(1). In his Updated IFP Application, Plaintiff states that he is currently unemployed, has no income, and is paying his expenses with support from his family and "EBT," which the Court understands to mean the Electronic Benefits Transfer system used to issue government benefits. ECF No. 7 at 1–2. The Court finds that requiring Plaintiff to pay the filing fee would present considerable hardship. *See Fiebelkorn*, 77 Fed. Cl. at 62. The Court therefore grants Plaintiff's request to proceed IFP.[2]

**B.  Plaintiff's Complaint is Dismissed.**

Consistent with its duties under 28 U.S.C. § 1915(e)(2) and RCFC 12(h)(3), the Court has reviewed Plaintiff's Complaint and determined that it must be dismissed. Plaintiff's claims against

---

[2] On November 4, 2025, Plaintiff submitted a second updated IFP Application. Given its decision to grant Plaintiff leave to proceed IFP, the Court denies this IFP Application as moot.

individual federal government officials involved in his district court criminal proceeding must be dismissed for lack of jurisdiction. Plaintiff's allegations of fraud and harassment state tort claims over which this Court also does not have jurisdiction. Finally, Plaintiff's claims asserting breach of fiduciary duty, breach of contract, and copyright infringement must be dismissed for failure to state a claim.

    1.    <u>The Court Lacks Jurisdiction Over Claims Against Individual Federal Government Officials and Claims That Challenge District Court Decisions.</u>

Plaintiff's claims against federal judicial and law enforcement officers are beyond this Court's jurisdiction. 28 U.S.C. § 1491(a)(1). The Tucker Act, which governs the jurisdiction of the Court of Federal Claims, provides in relevant part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

*Id.* § 1491(a)(1). As established precedent explains, this provision limits the jurisdiction of the Court to hear only a specific subset of legal actions: (1) claims for money damages against the United States that are founded either upon a provision of law that mandates compensation by the Government for the "damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); (2) claims founded upon contracts with the United States that are "either express or implied in fact," not "in law," *Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996); and (3) actions to recover "illegal exactions of money by the United States," *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

This Court has no jurisdiction to hear claims against individual federal officials, including judges, acting in their personal or professional capacities. *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief

sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [Court of Federal Claims]."). "[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson*, 58 Fed. Cl. at 190; *see also Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011) (dismissing claims against federal government officials and judges).

Plaintiff names five individual defendants in his suit. Each of them—Judge Coleman, the two Assistant U.S. Attorneys, and the two probation officers—are outside of this Court's jurisdiction because they are federal officials. *Pikulin*, 97 Fed. Cl. at 75. Accordingly, all claims against these individuals must be dismissed.

Moreover, the challenges Plaintiff raises in the Complaint concern the validity of the decisions that these individual defendants, in their roles as judicial and law enforcement officers, made in connection with Plaintiff's criminal case. *See, e.g.*, ECF No. 1 at 2 (claiming Judge Coleman "fraudulently shifted to 'statutory law'" as a basis for jurisdiction in Plaintiff's criminal trial and further claiming that the probation officers "issued summonses without naming a Defendant [] and refused to terminate probation"). To the extent such allegations seek review of Plaintiff's criminal conviction, or any part of his criminal proceeding in the Northern District of Illinois, such review is also outside the Court's jurisdiction. The Court has no authority to order the "immediate closure and settlement of Case No. 15-cr-00312," as Plaintiff requests. *Id.* at 3. This is because the Court of Federal Claims lacks jurisdiction to "scrutinize" the actions of other courts. *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (quoting *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001)); *see Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that the Court of Federal Claims "does not have jurisdiction to review the decisions of district courts"). Indeed, the Court "has no jurisdiction over criminal matters

generally." *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011). Plaintiff's sole recourse to challenge his criminal conviction is "the statutorily defined appellate process." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015) (citing 28 U.S.C. § 1291).

To the extent that Plaintiff's Complaint could be liberally construed to assert a claim for monetary damages for unjust conviction and wrongful imprisonment under 28 U.S.C. § 1495, this Court still lacks jurisdiction because Plaintiff does not allege that he meets the jurisdictional requirements of 28 U.S.C. § 2513. Although the Court does have limited "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned," 28 U.S.C. § 1493, to establish such jurisdiction a Plaintiff must allege that:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a); *see Faircloth v. United States*, No. 21-958, 2022 WL 908953, at *4 (Fed. Cl. Mar. 29, 2022) (considering conflicting case law and holding that the requirements of § 2513 are jurisdictional).

Plaintiff does not allege that he meets either requirement of § 2513(a). First, Plaintiff fails to assert that his conviction was reversed or set aside; nor does Plaintiff allege that he was pardoned. *See generally* ECF No. 1. Second, Plaintiff fails to allege that he did not commit any of the acts upon which he was convicted; nor does he assert that he did not by misconduct or

neglect cause or bring about his own prosecution. *See id.* Instead, Plaintiff's reasons for requesting relief from his criminal case are based solely on the conduct of Defendants. *See id.* Plaintiff's Complaint accordingly fails to establish jurisdiction, even construed as seeking relief under 28 U.S.C. § 1495.

        2.      <u>The Court's Subject-Matter Jurisdiction Does Not Extend to Torts.</u>

Even setting aside the issue of improper defendants, Plaintiff must make a nonfrivolous allegation that he has a right to money damages against the United States under a substantive source of law—not sounding in tort—to invoke this Court's subject-matter jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *Fisher*, 402 F.3d at 1172; *Roth*, 378 F.3d 1384. Some of Plaintiff's causes of action—breach of fiduciary duty, fraud, and continuing harassment—are tort claims. *See, e.g.*, *Regents of Univ. of N.M. v. Knight*, 321 F.3d 1111, 1116 (Fed. Cir. 2003) (classifying breach of fiduciary duty as a tort); *Jackson v. United States*, 162 Fed. Cl. 282, 293 (2022) (same with respect to fraud); *Cox v. United States*, 105 Fed. Cl. 213, 218 (2012) (same with respect to harassment, fraud, and breach of fiduciary duty).

Because tort claims are expressly excluded from this Court's jurisdiction, these claims must be dismissed.[3] *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (tort claims generally are beyond the Court's jurisdiction); *Newby v. United States*, 57 Fed. Cl.

---

[3] While some claims for breach of fiduciary duty are within the Court's jurisdiction, the allegations Plaintiff makes here are not. For example, the Court has jurisdiction when a plaintiff alleges a violation of a fiduciary duty created by a statute or regulation and such statute or regulation implies monetary compensation for a breach. *See, e.g.*, *Hopi Tribe v. United States*, 782 F.3d 662, 667 (Fed. Cir. 2015). Similarly, the Court has jurisdiction over a "breach of fiduciary duty claim grounded in a contractually based obligation to the plaintiff." *Fairholme Funds, Inc. v. United States*, 26 F.4th 1274, 1296 (Fed. Cir. 2022) (internal quotation marks omitted). Here, Plaintiff does not identify a statute or regulation creating a fiduciary duty. He also fails to allege a nonfrivolous contract claim, so there is no basis on which to find that he has plausibly pled a breach of a duty grounded in a contractually based obligation.

9

283, 294 (2003) (same with respect to breach of fiduciary duty); *Phu Mang Phang v. United States*, 388 F. App'x 961, 963 (Fed. Cir. 2010) (same with respect to fraud).

   3. <u>Plaintiff's Remaining Causes of Action Fail to State a Claim.</u>

  The only claims that Plaintiff brings forward over which the Court could have jurisdiction are his breach of contract and copyright infringement claims. Neither meet the bar of plausibility. Under breach of contract, Plaintiff summarily claims that "defendants refused to perform as agreed in [the] Conditional Acceptance (Dkt. 193)." ECF No. 1 at 3. The Conditional Acceptance attached to Plaintiff's Complaint appears to be a document signed by Plaintiff and addressed to the prosecutor in his criminal case setting forth a series of "proof of claim" statements and then a series of stipulations related to those statements. ECF No. 1-4 at 3–9. It requests that the prosecutor respond within 10 days from receipt of the document, and states that "[g]eneral acquiescence as a non-response shall be taken as an Acceptance to provide 'proof of claim' and forth with shall constitute Agreement by the Prosecutor . . . ." *Id.* at 8. The document bears the caption of Plaintiff's criminal proceeding and the stamp of the district court, indicating that it was filed in his criminal case on August 12, 2016. *Id.* at 3. On its face, the document does not evince an express contract between Plaintiff and the Government—it is simply a court filing addressed to the prosecutor.

  Likewise, the document does not support a plausible allegation of an implied-in-fact contract with the Government. "An implied-in-fact contract is 'an agreement . . . founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *Martin v. United States*, 102 Fed. Cl. 779, 785 (2012) (quoting *Balt. & Ohio R.R. Co. v. United States*, 261 U.S. 592, 597 (1923)). Like an express contract, a plaintiff alleging an

10

implied-in-fact contract with the Government "must show a mutual intent to contract including an offer, an acceptance, and consideration." *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). Plaintiff does not allege, nor could he, that filing a document addressed to the prosecutor coupled with the lack of response by Defendants plausibly states any, let alone all, of these elements. Indeed, judges of this Court have consistently found allegations that the Government acquiesced by silence to be fatal to an implied-in-fact contract claim. *See, e.g.*, *Oyer v. United States*, No. 18-903, 2019 WL 6358035, at *2 (Fed. Cl. Nov. 27, 2019) (holding that plaintiff did not plead a plausible contract claim where he sent a document to a federal agency containing statements to which it would purportedly be bound if the agency did not respond in 10 days); *Martin*, 102 Fed. Cl. at 785 (explaining that "the silence of the IRS simply does not qualify as an acceptance by the government" based on a letter sent from the plaintiff to the IRS); *Heydt v. United States*, 38 Fed. Cl. 286, 302 (1997) ("The Government's silence, or lack of response, cannot constitute an acceptance of [plaintiff's] demands for payment."); *Pressman v. United States*, 33 Fed. Cl. 438, 443 (1995) (referring to "the general proposition that silence does not constitute acceptance of an offer, absent some prior understanding"). Without the existence of a contract, there can be no breach. *Mont. Bank of Circle, N.A. v. United States*, 7 Cl. Ct. 601, 611 (1985).

Turning to Plaintiff's remaining claim for copyright infringement, the Court similarly finds that he fails to allege facts stating a claim on which relief can be granted. To state a claim of infringement, a plaintiff must plead two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Gaylord v. United States*, 595 F.3d 1364, 1372 (Fed. Cir. 2010) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). The Complaint fails at the first element.

Copyright protections are granted by statute under the Copyright Act, 17 U.S.C. § 101 *et seq*. Under the statutory framework, an individual seeking a copyright must apply to the Register of Copyrights to register his claim and obtain a certificate of registration. *See* 17 U.S.C. §§ 409, 410(a). Valid copyright registration is a prerequisite for bringing an infringement action. *See id.* § 411(a); *Geospatial Tech. Assocs., LLC v. United States*, 171 Fed. Cl. 288, 295 (2024). Here, Plaintiff attaches to the Complaint a "Common Law Copyright Notice," which purports to copyright and/or trademark his name, Roderick Vaughn Burton.[4] *See* ECF No. 1-4 at 14–20. The copyright notice appears to be written by Plaintiff and bears his own signature. On its face, such document does not suffice to show that Plaintiff is the owner of a valid copyright, and accordingly he fails to plead facts sufficient to state a claim for relief. Furthermore, the Court notes that even if Plaintiff had applied to the Register of Copyrights, names are generally not copyrightable because they lack originality. *See* 37 C.F.R. § 202.1(a) ("The following are examples of works not subject to copyright[:] . . . [w]ords and short phrases such as names, titles, and slogans[.]"); *see also Miles v. United States*, No. 14-416, 2014 WL 5020574, at *4 n.7 (Fed. Cl. Oct. 6, 2014) (citing *Turner v. Peterson*, No. 12–0887, 2012 WL 2792416, at *1 (N.D. Cal. July 9, 2012)).

Additionally, nowhere in the Complaint does Plaintiff allege exactly how Defendants infringed on his alleged copyright. The copyright infringement cause of action merely states, "Violation of Plaintiff's **Common Law Copyright** (Dkt. 193)." ECF No. 1 at 3 (emphasis in original). As the Supreme Court has held, "[t]hreadbare recitals of the elements of a cause of

---

[4] Although the Complaint alternatively references a possible trademark, it does not plead a trademark infringement claim. In any event, such a claim is not within the Court's subject-matter jurisdiction. *See* 15 U.S.C. § 1121(a); *see also Proxtronics Dosimetry, LLC v. United States*, 128 Fed. Cl. 656, 672 (2016).

action, supported by mere conclusory statements," will not survive dismissal under Rule 12(b)(6).[5] *Iqbal*, 556 U.S. at 678.

In sum, for the breach of contract and copyright infringement claims, Plaintiff's failure to plead facts that "establish all elements of the cause of action" means that the complaint "fail[s] to state a claim on which relief can be granted," and therefore the proper course of action is dismissal. *Fisher*, 402 F.3d at 1175–76.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Updated IFP Application (ECF No. 7) is **GRANTED**. Plaintiff's second updated IFP Application received on November 4, 2025, is **FILED BY LEAVE OF COURT** and **DENIED AS MOOT**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED**. The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The Clerk is directed to enter judgment accordingly.

**SO ORDERED**.

Dated: November 20, 2025                                    */s/ Kathryn C. Davis*
                                                            KATHRYN C. DAVIS
                                                            Judge

---

[5] The Court can perhaps speculate that Plaintiff's infringement allegation is based on the Government's use of his name in court filings and proceedings in the district court criminal case underlying the allegations in the Complaint, but such guesswork just confirms that Plaintiff has clearly failed to plead sufficient facts to state his claim. Moreover, similar claims brought by *pro se* plaintiffs have been repeatedly rejected by judges of this Court as frivolous. *See, e.g., Miles*, 2014 WL 5020574, at *3 (collecting cases).